ROBERT A. PINEL, ESQ. – RP9070
FLAMM, BOROFF & BACINE, P.C.
Westfield Corporate Center
4905 West Tilghman Street, Suite 310
Allentown, Pennsylvania 18064
610-336-6800
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES G. LIEF : | |
| : | Case No. 07-CV-6232-WCC |
| Plaintiff, : | |
| : | |
| : | ANSWER AND AFFIRMATIVE |
| v. : | DEFENSES TO COUNTERCLAIM |
| : | GREYSTON FOUNDATION, INC., |
| GREYSTON FOUNDATION, INC., : | |
| : | |
| Defendant. : | |
| : | |

Plaintiff Charles Lief, by and through his attorneys, Flamm, Boroff & Bacine, P.C., responds to and answers the counterclaim of Defendant Greyston Foundation, Inc., as follows:

**PRELIMINARY STATEMENT**

1.  The allegations set forth in Paragraph 1 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that a response may be deemed required, the allegations are denied.

2.  Admitted.

3.  Plaintiff admits the allegation in Paragraph 3 of Defendant's Counterclaim that he was involved in the operations and governance of Defendant. He also admits that he had input into the compensation of Defendant's employees. The remaining allegations of Paragraph 3 of

Defendant's Counterclaim, including but not limited to the allegation that he had "significant influence" over his own compensation, are denied.

### RELEVANT STATUTORY AND JURISDICTIONAL PROVISIONS

4. The allegations set forth in Paragraph 4 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations contain a legal characterization of the law rather than a direct citation, the allegations are denied to the extent that they conflict with or differ from the law.

5. The allegations set forth in Paragraph 5 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations contain a legal characterization of the law rather than a direct citation, the allegations are denied to the extent that they conflict with or differ from the law.

6. The allegations set forth in Paragraph 6 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations contain a legal characterization of the law rather than a direct citation, the allegations are denied to the extent that they conflict with or differ from the law.

### FACTS

#### The Agreement and Severance Agreement

7. Plaintiff denies the allegation in Paragraph 7 of Defendant's Counterclaim that the parties July 1, 2003 agreement was an "informal" agreement. Plaintiff also denies any allegations in Paragraph 7 that contradict the written terms of the documents memorializing the parties' agreement. The remaining allegations of Paragraph 7 of Defendant's Counterclaim are admitted.

8. Plaintiff denies the characterization in Paragraph 8 of Defendant's Counterclaim that the November 8, 2005 "Severance Agreement was "essentially a re-negotiation of the original

Agreement." Plaintiff also denies any allegations in Paragraph 8 that contradict the written terms of the relevant documents. The remaining allegations of Paragraph 8 of Defendant's Counterclaim are admitted.

9. The allegations in Paragraph 9 are denied for the following reasons: (a) They state a legal conclusion to which no response is required; (b) Plaintiff is without sufficient information or knowledge to form a belief as to the truth of some of the allegations, and, therefore denies the same; and, (c) Plaintiff denies the allegations of which he has information or knowledge.

10. The allegations in Paragraph 10 are denied for the following reasons: (a) They state a legal conclusion to which no response is required; (b) Plaintiff is without sufficient information or knowledge to form a belief as to the truth of some of the allegations, and, therefore denies the same; and, (c) Plaintiff denies the allegations of which he has information or knowledge.

11. The allegations in Paragraph 11 are denied for the following reasons: (a) They state a legal conclusion to which no response is required; (b) Plaintiff is without sufficient information or knowledge to form a belief as to the truth of some of the allegations, and, therefore denies the same; and, (c) Plaintiff denies the allegations of which he has information or knowledge.

12. The allegations in Paragraph 12 are denied for the following reasons: (a) They state a legal conclusion to which no response is required; (b) Plaintiff is without sufficient information or knowledge to form a belief as to the truth of some of the allegations, and, therefore denies the same; and, (c) Plaintiff denies the allegations of which he has information or knowledge.

13. The allegations in Paragraph 13 are denied for the following reasons: (a) They state a legal conclusion to which no response is required; (b) Plaintiff is without sufficient information or knowledge to form a belief as to the truth of some of the allegations, and, therefore denies the same; and, (c) Plaintiff denies the allegations of which he has information or knowledge.

## The Honda Passport

14.     Plaintiff admits the allegation in Paragraph 14 of Defendant's Counterclaim that the Vehicle was purchased by Greyston Baker. Plaintiff is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations asserted in Paragraph 14 of Defendant's Counterclaim and, therefore, denies the same.

15.     Denied.

16.     Denied.

17.     Plaintiff admits the allegation in Paragraph 17 of Defendant's Counterclaim that Greyston Bakery has provided insurance for the Vehicle. He is without sufficient information or knowledge to form a belief as to the truth of allegation that the insurance costs $3,141 per year and, therefore, denies the same. The remaining allegations of Paragraph 17 are denied.

18.     The allegations set forth in Paragraph 18 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

19.     The allegations set forth in Paragraph 19 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

## The Loans Taken on By Lief on Behalf of Greyston Foundation

20.     Plaintiff denies the allegation in Paragraph 20 of Defendant's Counterclaims that he personally entered into a loan or credit line agreement. Plaintiff admits that the allegation in Paragraph 20 of Defendant's Counterclaim that he was an officer of Greyston Family Inn. Plaintiff denies the allegation that he received compensation for his position. Plaintiff is without sufficient

4

information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 20 of Defendant's Counterclaim and, therefore, denies the same.

21. Plaintiff denies the allegation in Paragraph 21 of Defendant's Counterclaims that he personally entered into a loan or credit line agreement. Plaintiff is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 21 of Defendant's Counterclaim and, therefore, denies the same.

22. Plaintiff denies the allegation in Paragraph 22 of Defendant's Counterclaims that he personally entered into a loan or credit line agreement. Plaintiff admits that the allegation in Paragraph 22 of Defendant's Counterclaim that he was an officer of Greyston Health Services, Inc. Plaintiff denies the allegation that he received compensation for his position. Plaintiff is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 22 of Defendant's Counterclaim and, therefore, denies the same.

23. Plaintiff denies the allegation in Paragraph 23 of Defendant's Counterclaims that he personally entered into a loan or credit line agreement, as well as the allegation that he was an officer of 104 Ashburton, LLC or that he received compensation for such position. Plaintiff is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 23 of Defendant's Counterclaim and, therefore, denies the same.

24. Denied.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

25. Plaintiff incorporates herein by reference his responses to Paragraphs 1-24 of Defendant's Counterclaim.

26. The allegations set forth in Paragraph 26 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

27. The allegations set forth in Paragraph 27 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

28. The allegations set forth in Paragraph 28 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

29. The allegations set forth in Paragraph 29 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

30. The allegations set forth in Paragraph 30 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

31. The allegations set forth in Paragraph 31 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

32. The allegations set forth in Paragraph 32 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

33. The allegations set forth in Paragraph 33 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a

response and to the extent that they allege any wrongdoing or defalcation by Plaintiff, they are denied.

34.     The allegations set forth in Paragraph 34 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

## SECOND CAUSE OF ACTION

35.     Plaintiff incorporates herein by reference his responses to Paragraphs 1-34 of Defendant's Counterclaim.

36.     The allegations set forth in Paragraph 36 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

37.     The allegations set forth in Paragraph 37 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

38.     The allegations set forth in Paragraph 38 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

39.     The allegations set forth in Paragraph 39 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

40.     Denied.

## **THIRD CAUSE OF ACTION**

41. Plaintiff incorporates herein by reference his responses to Paragraph 1-39 of Defendant's Counterclaim.

42. The allegations set forth in Paragraph 42 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

43. In response to the allegations set forth in Paragraph 43 of Defendant's Counterclaim, Plaintiff incorporates herein by reference his responses to Paragraphs 20-24 of Defendant's Counterclaim. To the extent that any further response is required, the allegations are denied.

44. The allegations set forth in Paragraph 44 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

45. The allegations set forth in Paragraph 45 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

46. The allegations set forth in Paragraph 46 of Defendant's Counterclaim set forth legal conclusions and do not require a response. To the extent that the allegations may require a response they are denied.

47. To the extent not specifically admitted in this Answer, the allegations of Defendant's Counterclaims are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant is precluded from obtaining the relief sought in its Counterclaims by virtue of the equitable defenses of waiver, estoppel and laches.

### THIRD AFFIRMATIVE DEFENSE

Defendant is precluded from obtaining the relief sought by virtue of its unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Defendant claims are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Any injuries allegedly sustained by Defendant were caused or contributed to by the action of third parties over whom Plaintiff had no authority or control.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff did not breach any duties or obligations owed to Plaintiff. At all times relevant herein, Plaintiff complied with all applicable laws, regulations and standards.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff breached no contractual obligations to Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that Defendant failed to mitigate its damages, its claims are barred.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff did not fail to disclose any information to Defendant which was required by law, contract or proper business practices to disclose.

### TENTH AFFIRAMATIVE DEFENSE

Plaintiff did not take any action without specific authorization from Defendant's Board of Directors after full disclosure.

### ELEVENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because Defendant has released any and all claims it may have had against Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is entitled to a set-off of any amounts deemed due.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant lacks standing to assert the Counterclaims.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is not the real party in interest of the Counterclaims that are asserted.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant has failed to join a necessary and indispensable party.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff reserves the right to amend this answer by asserting defenses which future investigation reveals to be appropriate.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment as follows:

(a) Dismissing Defendant's Counterclaims with prejudice;

(b) Granting Plaintiff his attorney's fees and costs in defending against the allegations of Defendant's Counterclaim; and

(c) Granting to Plaintiff any and all relief to which he may be entitled at law and equity.

FLAMM, BOROFF & BACINE, P.C.<br>
Attorneys for Plaintiff Charles G. Lief

By: _____
Robert A. Pinel, Esq.

Dated: October 15, 2007

## CERTICATE OF SERVICE

I, Robert A. Pinel, an attorney at the firm Flamm, Boroff & Bacine, P.C., do hereby certify that I did serve Plaintiff's Answer and Affirmative Defenses to Defendant's Counterclaim by United States Mail, postage pre-paid and addressed as follows:

Daniel K. Winters, Esq.  Attorney for Greyston Foundation, Inc.
Reed Smith LLP
Attorney for Greyston Foundation, Inc.
599 Lexington Ave., 29th Floor
New York, NY 10022

This Answer and Affirmative Defenses to Defendant's Counterclaim was also delivered by means of the Court's electronic filing system to the above named.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Robert A. Pinel

Dated: October 15, 2007

13